## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### Southern Division

| | | |
|---|---|---|
| TERRI LEE NICHOLS on behalf of herself and others similarly situated, | : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| ACCRETIVE CAPITAL LLC DBA BENZINGA | : : : | **JURY TRIAL DEMANDED** |
| Defendant. | : : | |

_____/

Plaintiff Terri Lee Nichols (hereinafter referred to as "Plaintiff"),

individually and on behalf of all others similarly situated, alleges on personal

knowledge, investigation of her counsel, and on information and belief, as follows:

### NATURE OF ACTION

1.      Telemarketing calls are intrusive. A great many people object to these

calls, which interfere with their lives, tie up their phone lines, and cause confusion

and disruption on phone records. Faced with growing public criticism of abusive

telephone marketing practices, Congress enacted the Telephone Consumer

Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47

U.S.C. § 227). As Congress explained, the law was a response to Americans

'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the

2

remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      Plaintiff, individually and as class representative for all others similarly situated, brings this action against Accretive Capital LLC d/b/a Benzinga for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including her own.

4.      Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## PARTIES

5.      Plaintiff Terri Lee Nichols is an individual.

6.      Defendant Accretive Capital LLC d/b/a Benzinga is a Michigan limited liability company, with a principal place of business in this District.

## JURISDICTION AND VENUE

7.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

3

8.      This Court has general jurisdiction over Accretive Capital LLC d/b/a

Benzinga because it resides in this District.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Benzinga

resides and directed its TCPA violative conduct to Plaintiff from this District.

## TCPA BACKGROUND

<u>The National Do Not Call Registry</u>

10.     In 1991, Congress enacted the TCPA in response to a growing number

of consumer complaints regarding certain telemarketing practices.

11.     § 227(c) of the TCPA requires the FCC to "initiate a rulemaking

proceeding concerning the need to protect residential telephone subscribers'

privacy rights to avoid receiving telephone solicitations to which they object." 47

U.S.C. § 227(c)(1).

12.     The National Do Not Call Registry allows consumers to register their

telephone numbers and thereby indicate their desire not to receive telephone

solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

13.     A listing on the Registry "must be honored indefinitely, or until the

registration is cancelled by the consumer or the telephone number is removed by

the database administrator."  *Id*.

14.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

15.     Defendant Benzinga is a "person" as the term is defined by 47 U.S.C. § 153(39).

16.     Benzinga engages telemarketing in order to generate new potential customers, including text messages.

17.     Text messages are "calls" under the TCPA.

18.     Plaintiff Nichols is a "person" as defined by 47 U.S.C. § 153(39).

19.     Plaintiff's residential telephone number is (408) 766-XXXX.

20.     That number is for personal household use.

21.     That number is not associated with a business.

22.     That number has been on the National Do Not Call Registry for more than 30 days prior to the date the calls were received and it has not been removed from the Registry since that time.

23.     The Plaintiff has never done any business with the Defendant.

5

24.     The Plaintiff has never provided her written consent to receive telemarketing calls from the Plaintiff.

25.     Despite this, the Plaintiff received text messages from the Defendant on September 29, October 10, 15, 25, 26, 27, 29, 30 November 2, 3, 17, 18, 19, 20 (multiple texts), 21, 22, 23, 24, and 25, 27, 28, 29, 30 (multiple texts), December 2, 3, 4, 5, 6, 7 and 14, 2022.

26.     The text messages all had similar content and are below:





3:25      5G 98

<      **90477**      📞 ···

workshop this Friday at 1PM on
FINDING REVERSE MOVING
STOCKS! Get your spot here:
https://mkfy.io/3DUzEts
TxtStop2End

90477 · Nov 2, 2022

Benzinga: Trading expert Nic
Chahine could care less about
the Fed's guidance. Tonight,
he's revealing how he's trading
this market: https://mkfy.io/
3E7k51T
TxtStop2End

90477 · Nov 3, 2022

Benzinga –Nic Chahine:
Invitation to free access
members only! I show you
exactly how we are profiting this
week! https://mkfy.io/3Nj8nnq

90477 · Nov 17, 2022

Benzinga Nic Chahine – Today is
the last chance to get free
access to my live trading room
and trade alerts!    https://
mkfy.io/3GnqNCi

90477 · Nov 18, 2022

🖼 📷   Type a message   ➤





3:24                                    .ıl 5G 98

‹                     90477                 ☎  •••

90477 · Oct 15, 2022

Don't miss an opportunity to
strengthen your finances, join
CNBC correspondent and Chief
Market Analyst, Matt Maley for
an Earnings Season Strategy
Sharing Session at 5 pm ET
TODAY: https://mkfy.io/
3ROyfbK Msg&data rates may
apply. Reply HELP for help,
STOP to cancel

90477 · Oct 25, 2022

Will the bull market continue?
Benzinga's Chris Capre answers
this question and shares how to
use simple options to take
advantage: https://mkfy.io/
3TbsTIM Msg&data rates may
apply. Reply HELP for help,
STOP to cancel

90477 · Oct 26, 2022

Benzinga: Become a more
profitable trader during
Earnings Season – Reveal our
3+ best trading secrets today at
5 PM. Register here: https://
mkfy.io/3DD5VF8 Msg&data

🖼  📷   Type a message              ▷





27.     Benzinga sends these text messages to solicit individuals to their stock

advice services and plans.

28.     Benzinga offers a series of pricing plans, including a plan that features stock trading advice and benefits for $457.00 a month.

29.     The use of the SMS code to send texts, which is an automated code used when sending out a large amount of text messages, indicates the *en masse* nature of the campaign.

30.     All class members, as defined below, have had their privacy invaded through receipt of the telemarketing calls.

**CLASS ACTION ALLEGATIONS**

31.     <u>Class Definition</u>.  Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Class (the "Class") defined as follows:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

32.      Excluded from the Class are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

33.     The Class, as defined above, is identifiable through telephone records and telephone number databases.

34.     The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

35.     Individual joinder of these persons is impracticable.

36.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

37.     Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as she has no interests that conflict with any of the class members.

38.     Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

39.     This class action complaint seeks injunctive relief and money damages.

40.    There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

a.    whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

b.    whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls; and

c.    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

41.    Plaintiff's claims are typical of the claims of the Class.

42.    Plaintiff's claims, like the claims of Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

43.    Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

44.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

45.     A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

46.     Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information

and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

47.    Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

48.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

49.    Defendant's violations were negligent, willful, or knowing.

50.    As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

51.     Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff as representative of the Class;

C.     Appointment of the undersigned counsel as counsel for the Class;

D.     A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

E.     An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

F.     An award to Plaintiff and the Class of damages, as allowed by law; and

G.     Orders granting such other and further relief as the Court deems

necessary, just, and proper.

**JURY DEMAND**

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: February 24, 23            PLAINTIFF, on behalf of herself
                                  and others similarly situated,


                                  */s/ Anthony Paronich*_____
                                  Anthony Paronich
                                  Email:  anthony@paronichlaw.com
                                  PARONICH LAW, P.C.
                                  350 Lincoln Street, Suite 2400
                                  Hingham, MA 02043
                                  Telephone:  (617) 485-0018
                                  Facsimile:  (508) 318-8100

                                  *Attorneys for Plaintiff*